UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Samantha Grout,

Plaintiff,

v. Civil Action No. 2:26-cv-124

AEG Fuels et al.,

Defendants.

**ORDER**

Plaintiff Samantha Grout filed an initial Complaint (Doc. 1) in this matter on April 9, 2026, and an Amended Complaint on June 9, 2026. (Doc. 6.) The Amended Complaint names AEG Fuels, Symbiotic Consulting, Allen Lee, and Jay Smith as Defendants. The docket reflects that summonses issued as to all named Defendants on June 9, 2026. According to the docketed Returns of Service, AEG was served on June 19, 2026 (Doc. 8) and Symbiotic Consulting was served on June 29, 2026. (Doc. 9.) AEG Fuels filed a Motion to Dismiss the Amended Complaint on July 10, 2026 (Doc. 12) and Symbiotic Consulting filed a Motion to Dismiss on July 20, 2026. (Doc. 24.) The docket does not reflect that service has been effectuated on Defendants Allen Lee and Jay Smith.[1]

---

[1] Notwithstanding the apparent lack of service on Defendant Jay Smith, counsel for AEG Fuels has entered an appearance on behalf of Defendant Smith (Doc. 10.) AEG Fuels and Defendant Smith have further moved to dismiss the Amended Complaint based on insufficient service of process. (Doc. 12 at 4-5.)

Plaintiff and Defendants AEG Fuels, Jay Smith, and Symbiotic Consulting have all consented to the assignment of this case for all proceedings to the undersigned Magistrate Judge. (Docs. 5, 31, 32.) Due to the apparent lack of service of process on Defendant Allen Lee, not all parties have consented to proceed before the undersigned at this time. *See* 28 U.S.C. § 636(c). Therefore, service of process is not only necessary for purposes of compliance with Federal Rule of Civil Procedure 4, but also to ascertain whether Defendant Lee elects to consent to the assignment of this case to the undersigned. If upon service of process Defendant Lee declines to consent, this matter will be assigned to a District Judge for further

Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The Rule further provides that "if the plaintiff shows good cause for the failure [to complete service], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). It appears that Plaintiff has not served Defendants Lee and Smith within 90 days after filing the Amended Complaint in this Court.[2]

**Plaintiff is hereby directed to serve Defendants Allen Lee and Jay Smith no later than October 28, 2026**. If service is not made by October 28, or if no application is made in writing by such date to extend the time for service based upon a showing of good cause for failure to serve, this action may be dismissed without prejudice against Defendants Allen Lee and Jay Smith for failure to prosecute.

The Court will address in a separate order the pending Joint Motion to Postpone Filing of Discovery Schedule and to Stay Discovery pending resolution of Defendants' motions to dismiss. (Doc. 42.)

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 7th day of October, 2026.

*/s/ Kevin J. Doyle*
Kevin J. Doyle
United States Magistrate Judge

---

proceedings. If Defendant Lee is ultimately dismissed from the case for insufficient service of process, the undersigned will retain the case for all further proceedings because the consent requirement will have been satisfied as to all remaining parties. *See id*.

[2] Plaintiff represents in her responses to the Motions to Dismiss and the Joint Motion to Postpone Filing of Discovery Schedule that she has been unsuccessful in her efforts to serve the individual Defendants. *See, e.g.,* Doc. 17 at 17, Doc. 17-4 at 8, Doc. 45 at 16-17.