UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| Samantha Grout,<br><br>Plaintiff,<br><br>v.<br><br>AEG Fuels et al.,<br><br>Defendants. | Civil Action No. 2:26–cv–124 |

**<u>OPINION AND ORDER</u>**
(Docs. 36, 42, 46)

Plaintiff Samantha Grout brings this action against Associated Energy Group, LLC (AEG), asserting several claims related to the conditions of her placement at AEG as a consultant.[1] Plaintiff asserts claims under Title VII of the Civil Rights Act, the Age Discrimination in Employment Act (ADEA), the Fair Labor Standards Act (FLSA), and several supplemental state-law claims. (*See* Doc. 6 at 17–25.) Plaintiff also asserts claims against AEG employee Allen Lee and AEG Board Member Jay Smith. (*Id.* at 2, 20–25.) Plaintiff further brings claims against Symbiotic Consulting Group, LLC (Symbiotic), asserting that Symbiotic is liable as "a joint employer and/or staffing agent for AEG Fuels with respect to Plaintiff's engagement." (*Id.* at 2–3.)

[1] Defendant AEG states that "Plaintiff was not employed by AEG" but that Defendant Symbiotic placed Plaintiff "on a contract basis as a consultant" at AEG. (Doc. 12 at 3.) Plaintiff asserts that she was "an employee of AEG" and that Symbiotic was a "joint employer." (Doc. 6 at 19.) Because the parties dispute whether an employment relationship existed, the Court uses the terms "engagement" and "placement" throughout this Order.

AEG and Smith jointly filed a Motion to Dismiss, requesting dismissal of the Amended Complaint for lack of personal jurisdiction, improper venue, and insufficient service of process.[2] Alternatively, AEG and Smith request transfer of the case to the United States District Court for the Southern District of Florida. (*See* Doc. 12.) Symbiotic also filed a Motion to Dismiss based on lack of personal jurisdiction and improper venue, alternatively requesting transfer of the case to the United States District Court for the Southern District of Florida. (*See* Doc. 24.) Plaintiff opposes these motions. (*See* Docs. 16, 17, 25.)

This Opinion and Order addresses Plaintiff's "Notice of Commencement of Rule 26(f) Conference Compliance, Notice of Settlement Posture as to Defendant Symbiotic Consulting Group LLC, and Request for Fourteen-Day Stay of Proceedings as Between Plaintiff and Symbiotic" (Doc. 36),[3] Defendants AEG, Smith, and Symbiotic's Joint Motion to Postpone Filing of Discovery Schedule and for Stay of Commencement of Discovery (Doc. 42), and Plaintiff's Cross-Motion to Compel Discovery Engagement and for Adoption of Plaintiff's Proposed Scheduling Order and Protocols (Doc. 46).

After commencement of this lawsuit, Plaintiff provided Defendants a proposed discovery schedule and order detailing her requested discovery. The proposed discovery includes "[a]ll communications — by any medium, on any platform — between or among any Defendant or any agent, officer, employee, contractor, or representative of any Defendant, concerning Plaintiff's recruitment, engagement, compensation, classification, performance, HR complaint, or

---

[2] AEG initially requested dismissal based on insufficient service of process (*see* Doc. 12 at 4–5) but subsequently withdrew that argument for dismissal. (*See* Doc. 27 at 3.)

[3] Plaintiff's "Notice of Commencement of Rule 26(f) Conference Compliance, Notice of Settlement Posture as to Defendant Symbiotic Consulting Group LLC, and Request for Fourteen-Day Stay of Proceedings as Between Plaintiff and Symbiotic" appears to request an order briefly staying all proceedings between Plaintiff and Symbiotic for purposes of settlement discussions. (Doc. 36 at 3.) However, Plaintiff subsequently informed the Court that she has withdrawn her settlement proposal to Symbiotic. (Doc. 38.)

termination." (Doc. 42-1 at 2; Doc. 46-8 at 3.) The proposed discovery also includes documents related to Plaintiff's engagement at AEG and information relevant to Plaintiff's "jurisdictional issues." (Doc. 46-8 at 3–4.) Defendants request a stay of discovery pending resolution of the Motions to Dismiss. (Docs. 12, 24.) According to Defendants, good cause warrants a stay given the strength of their pending Motions to Dismiss, the breadth of Plaintiff's proposed discovery, and the anticipated burden of responding to the discovery requests. Defendants further assert that a stay would not "unfairly prejudice Plaintiff." (*See* Doc. 42 at 3–8.)

Plaintiff opposes these motions on several grounds. As a procedural matter, she argues that the parties did not confer in good faith before the filing of the motion to stay discovery. (*See* Doc. 45 at 7–8.) Defendants certify in their motion that the parties conferred in good faith. (Doc. 42 at 9.) The Local Rules require that the moving party make a "good faith attempt to obtain the opposing party's agreement to the requested relief." L.R. 7(a)(7). Plaintiff attaches to her memorandum in opposition several email exchanges with defense counsel. The email exchanges occurred days before Defendants filed their Motion to Stay Discovery (Doc. 42) and request that Plaintiff "consent to a stay of discovery . . . until the Court rules on the pending motions to dismiss." (Doc. 45-3 at 2.) Counsel advises Plaintiff that if a response is not received by a specified time, he will note in his motion that Plaintiff's consent was not obtained. These emails sufficiently demonstrate a good faith attempt to obtain Plaintiff's agreement to the motion. (*See* Docs. 45-3, 45-4, 45-5, 45-6, 45-7.)

Plaintiff also argues that a stay of discovery should be denied because the pendency of a Rule 12(b) motion does not require a stay of discovery. *See* L.R. 26(a)(3); (Doc. 45 at 9). Plaintiff is correct that the filing of a Rule 12(b) motion does not result in an automatic stay of discovery. A court's decision to permit a stay of discovery in a particular case, however, derives

from its "inherent power [to] control the docket." *Conservation L. Found., Inc. v. Vorsteveld Farm, LLP*, Civil Action No. 2:25-cv-916, 2026 WL 1948736, at *1 (D. Vt. July 6, 2026). The Court may stay discovery before discovery has commenced. *See Elnenaey v. JP Morgan Chase Bank N.A.*, Civil Action No. 20-cv-5430, 2021 WL 7908626, at *1 (E.D.N.Y. Oct. 7, 2021) ("The Court may grant a stay of discovery at any time"); *BBAM Aircraft Mgmt. LP v. Babcock & Brown LLC*, Civil Action No. 3:20-cv-1056, 2022 WL 3716574, at *12 (D. Conn. Aug. 29, 2022) (explaining that "judicial efficiency necessitates resolving the motion to dismiss before discovery begins" on claim). Finally, the Court may impose "a stay, or phased discovery, until the motion is decided, if a stay or phasing will help to secure the just, speedy, and inexpensive determination of the action." L.R. 26(a)(3).

As Plaintiff dismissed her claims against Defendants Lee and Smith on November 16, 2026 (Doc. 51), this Order considers only whether discovery should be stayed as to Defendants AEG and Symbiotic.

For the reasons explained below, Defendants' Joint Motion to Postpone Filing of Discovery Schedule and for Stay of Commencement of Discovery (Doc. 42) is GRANTED. Because discovery is stayed pending resolution of the Motions to Dismiss (Docs. 12, 24), Plaintiff's Cross-Motion to Compel Discovery Engagement and for Adoption of Plaintiff's Proposed Scheduling Order and Protocols (Doc. 46) is DENIED. Plaintiff's Notice of Commencement of Rule 26(f) Conference Compliance, Notice of Settlement Posture as to Defendant Symbiotic Consulting Group LLC, and Request for Fourteen-Day Stay of Proceedings as Between Plaintiff and Symbiotic (Doc. 36) is also DENIED as moot.

## Discussion

### I. Legal Standard

Local Rule 26(a)(3) provides that "[d]iscovery . . . shall not be stayed during the pendency of a Fed. R. Civ. P. 12(b) or (c) motion. A party may request a stay . . . until the motion is decided, if a stay . . . will help to secure the just, speedy, and inexpensive determination of the action." Further, "[t]he court may, for good cause, issue an order to protect a party or person from . . . undue burden or expense." Fed. R. Civ. P. 26(c)(1). In determining whether there is good cause "to stay discovery pending resolution of a dispositive motion[,] [courts] consider various factors, including the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay." *Conservation L. Found., Inc.*, 2026 WL 1948736, at *1 (internal citations omitted).

#### A. The breadth of requested discovery and the burden of responding to the discovery favor a stay pending resolution of the Motions to Dismiss.

Defendants assert that "the breadth of Plaintiff's proposed discovery and the burden of responding weigh strongly in favor of a stay." (Doc. 42 at 5.) Plaintiff acknowledges that the "proposed discovery protocols" are broad. (Doc. 45 at 12.) Plaintiff contends, however, that the scope of her legal claims justifies the breadth of the requested discovery. (*Id.*)

The proposed Stipulated Discovery Schedule and Order appears to involve a significant amount of communications by or among Defendants and records related to Plaintiff's placement at AEG. (*See* Doc. 42-1 at 2–3.) The 26-page proposed "discovery schedule and order" calls for depositions of individuals and corporate representatives, as well as payroll and human resources records. (Docs. 42-1; 46-8.) The Court does not at this stage make any determinations as to the propriety of these requests but simply notes their potentially expansive scope. "The breadth of

discovery . . . favors a stay because the parties could avoid substantial burden and waste of precious resources by staying discovery until the motion to dismiss has been decided." *Amron v. 3M Minn. Mining & Mfg. Co.*, Civil Action No. 23-cv-08959, 2024 WL 263010, at *3 (E.D.N.Y. Jan. 24, 2024). Further, to the extent the parties' potential discovery disagreements may require judicial intervention, a stay of discovery likely will avoid burdening the parties and the Court's resources.

The extent of the requested discovery favors a stay pending resolution of the Motions to Dismiss (Docs. 12, 24).

**B. A stay in discovery is unlikely to prejudice Plaintiff.**

Plaintiff asserts that she would be significantly prejudiced by a delay in the discovery process. She argues that the contracts involved in the case contain data that form the "evidentiary foundation of Plaintiff's jurisdictional argument" and a stay could lead to relevant data becoming inaccessible. (*See* Doc. 45 at 16.) Plaintiff further explains that now-dismissed Defendants Jay Smith and Allen Lee may be unavailable for deposition if discovery is stayed because these individuals have "been difficult to locate" and "unresponsive" to date. (*Id.* at 16–17.)

Regarding Plaintiff's specific concern that Adobe Sign data or network and location logs may become unavailable if discovery is stayed, it bears emphasis that "parties to litigation have an affirmative obligation to preserve relevant evidence." *S.E.C. v. O'Rourke*, Civil Action No. 19-cv-4137, 2019 WL 8325092, at *3 (E.D.N.Y. Aug. 14, 2019). Defendants have acknowledged this obligation. (*See* Doc. 42 at 8.) Accordingly, a stay in discovery should not result in Plaintiff's inability to access relevant evidence.

As to Plaintiff's concern that a stay would render depositions of Jay Smith and Allen Lee more difficult to accomplish due to their alleged unresponsiveness, there are judicial mechanisms

to ensure the attendance of witnesses at deposition. *See* Fed R. Civ. P. 30(a)(1) ("A party may, by oral questions, depose any person, including a party . . . . The deponent's attendance may be compelled by subpoena under Rule 45."). "If [Plaintiff] overcomes the issues raised in the Motion[s] to Dismiss, . . . [Plaintiff] will be able to request the discovery [s]he seeks and pursue [the] requested remedies." *Traudt v. Atkins*, File No. 2:24-cv-01360-mkl, ECF Doc. 30, at *5 (D. Vt. Aug. 7, 2025).

The Court finds that a stay of discovery would not prejudice Plaintiff.

**C. The strength of Defendants' Motions to Dismiss favor a stay of discovery.**

In determining whether there is good cause to stay discovery, the Court also considers "the strength of the pending motion forming the basis of the request for stay." *Conservation L. Found., Inc.*, 2026 WL 1948736, at *1. The Court has considered the parties' written submissions and held a hearing on the Motions. Although a written order will issue on the Motions to Dismiss, the Court briefly assesses the strength of the Motions for purposes of this request for a stay of discovery.

AEG and Symbiotic challenge personal jurisdiction and venue in the District of Vermont. (Doc. 12 at 5–11; Doc. 24 at 1.) In assessing these jurisdictional claims, the Court assumes that Plaintiff was located in Vermont during the interviewing process and at the time she signed an agreement related to her placement at AEG.[4] It appears that the majority of Defendants' contacts with Vermont occurred by virtue of Plaintiff's Vermont residency, not Defendants' own contacts with Vermont. *See Walden v. Fiore*, 571 U.S. 277, 291 (2014) ("[I]t is the defendant, not the plaintiff or third parties, who must create contacts with the forum State . . . . [Defendant's]

---

[4] Plaintiff acknowledges that she signed one agreement regarding her placement with AEG, a "Master Services Agreement" with Symbiotic, in New York. (*See* Doc. 25 at 6.)

relevant conduct occurred entirely in Georgia, and the mere fact that his conduct affected plaintiffs with connections to the forum [Nevada] does not suffice to authorize jurisdiction.”). The Court acknowledges the parties’ disagreement regarding personal jurisdiction over Defendants in Vermont, but concludes that, for purposes of this motion, Defendants’ jurisdictional arguments appear to be strong.

With respect to venue,[5] a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court’s personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Under § 1391(b)(1), the Court considers whether AEG and Symbiotic are residents of Vermont. An entity defendant is a resident of “any judicial district in which such defendant is subject to the court’s personal jurisdiction with respect to the civil action in question.” 28 U.S.C.

---

[5] The general venue statute governs the majority of the claims Plaintiff asserts in the Amended Complaint (Doc. 6). 28 U.S.C. § 1391; *see MacBagito v. PricewaterhouseCoopers LLP*, Civil Action No. 25-cv-4062, 2025 WL 1859025, at *1 (S.D.N.Y. June 3, 2025) (noting that “[v]enue for Plaintiff’s claims under the FLSA . . . and state law are all governed by the general venue statute”); *Holmes v. Romeo Enters., LLC*, Civil Action No. 15-cv-3915, 2015 WL 10848308, at *3 (S.D.N.Y. Nov. 2, 2015) (citing cases declining to find that the ADEA has a “special venue provision”).

Plaintiff also brings claims against AEG under Title VII. (*See* Doc. 6 at 17–18.) Title VII employs “special venue provision[s] . . . set forth at 42 U.S.C. § 2000e–5(f)(3) . . . .” *Gamble v. DeJoy*, Civil Action No. 3:22-cv-351, 2024 WL 3742754, at *2 (D. Conn. Aug. 9, 2024). The parties have not addressed whether venue is proper in Vermont for the Title VII claims. For purposes of the motion to stay discovery, the Court examines as a whole “the strength of the pending motion forming the basis of the request for stay.” *Conservation L. Found., Inc. v. Vorsteveld Farm, LLP*, Civil Action No. 2:25-cv-916, 2026 WL 1948736, at *1 (D. Vt. July 6, 2026). Even if the Court were to find venue proper in this District for the Title VII claims, AEG has raised substantial challenges to these claims on personal jurisdiction grounds. (*See* Doc. 12 at 5–8.)

§ 1391(c)(2). As noted, there is a substantial basis to conclude that Defendants may not be subject to personal jurisdiction in Vermont. Consequently, venue is unlikely under § 1391(b)(1).

Venue also appears to likely be lacking under § 1391(b)(2). Based on the current record, including the allegations in the Amended Complaint, it appears that the acts giving rise to Plaintiff's claims occurred almost entirely in Florida. Although Plaintiff alleges she "was solicited, interviewed, and accepted the position while physically located in" Vermont (Doc. 6 at 4), Plaintiff also alleges that she worked for Defendants entirely on site in Florida. (*See id.* at 11.) Plaintiff's claims appear to relate wholly to her Florida-based engagement with AEG. (*See id.* at 17–25.) As such, the events material to the alleged claims occurred in Florida. To the extent that the alleged misclassification of Plaintiff as an independent contractor is reflected in a contract Plaintiff signed while in Vermont (*see* Doc. 25 at 12–13), the Court does not at this time determine whether such contract ultimately renders venue proper in Vermont, but simply notes Defendants' venue argument is not insubstantial "purely for purposes of weighing whether a stay should be granted." *Amron*, 2024 WL 263010, at *3 n.1.

Finally, given that Plaintiff's allegations suggest venue would lie in the Southern District of Florida where a substantial part of the events giving rise to Plaintiff's claims occurred, venue is unavailable in Vermont under §1391(b)(3). Therefore, there is a substantial basis to conclude that venue does not properly lie in this District.

Plaintiff contends that a stay is only appropriate where the pending motion "would end the litigation entirely." (Doc. 45 at 10.) She asserts that is not the circumstance in this case. If the Court finds in Defendants' favor regarding venue, the litigation would not end but rather would "continue[] in another forum." (*Id.*) The Court's authority to stay discovery is not limited to circumstances in which the pending motion is case-dispositive. *See, e.g.*, *Briley v. Century Arms,*

*Inc.*, Civil Action No. 2:26-cv-00020-cr, 2026 WL 2719877, at *6 n.3 (D. Vt. Sept. 15. 2026) (noting that "[t]he court granted the parties' stipulated motion to stay discovery pending resolution of Defendants' motion to dismiss or change venue"); *Akerley v. N. Country Stone, Inc.*, Civil Action No. 2:05-cv-314, 2006 WL 2452640, at *1 (D. Vt. Aug. 23, 2006) (discovery stayed pending resolution of motions for sanctions).

Even assuming the Court determines to transfer the case to the Southern District of Florida, it would clearly be a more efficient use of resources for the court with jurisdiction over the case to enter any discovery schedule/order and address any resulting discovery disputes that may arise. To the extent that Plaintiff has concerns about the continued availability of evidence as her case progresses, Defendants acknowledge that "postponing discovery does not change the parties' obligation to preserve relevant evidence." (Doc. 42 at 8.)

**Conclusion**

For the reasons stated above, Defendants' Joint Motion to Postpone Filing of Discovery Schedule and for Stay of Commencement of Discovery (Doc. 42) is GRANTED.

Because discovery is stayed in this case pending resolution of the Motions to Dismiss (Docs. 12, 24), Plaintiff's Cross-Motion to Compel Discovery Engagement and for Adoption of Plaintiff's Proposed Scheduling Order and Protocols (Doc. 46)[6] is DENIED. Plaintiff's Notice of Commencement of Rule 26(f) Conference Compliance, Notice of Settlement Posture as to Defendant Symbiotic Consulting Group LLC, and Request for Fourteen-Day Stay of Proceedings as Between Plaintiff and Symbiotic (Doc. 36) is also DENIED as moot.

---

[6] The Court declines Plaintiff's request for preclusion of evidence or monetary sanctions based on Defendants' alleged non-engagement with the discovery process during the pendency of Defendants' joint motion to stay discovery. Should this case be transferred to the Southern District of Florida, that court will exercise jurisdiction over any resulting discovery process and will be in a position to address any discovery deficiencies that may arise.

Dated at Burlington, in the District of Vermont, this 25th day of November 2026.

*/s/ Kevin J. Doyle*
Kevin J. Doyle
United States Magistrate Judge